ORIGINAL
DdF
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANA MOHAN,

                Plaintiff,

-against-

LA RUE DISTRIBUTOR'S INC.,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 06-CV-621 (FB) (RLM)

*Appearances:*
*For the Plaintiff:*
AARON M. WOSKOFF, ESQ.
201 Moreland Road, Suite 10
Hauppauge, NY 11788

**BLOCK, Senior District Judge:**

        On December 18, 2006, plaintiff filed a complaint seeking damages against the defendant, plaintiff's former employer, alleging discrimination on the basis of plaintiff's disability in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12112 and New York Human Rights Law (the "NYHRL"), N.Y. Exec. Law § 296(1)(a). Defendant having failed to respond to the complaint or otherwise defend against this action, plaintiff moved for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

        On September 11, 2007, the Court ordered plaintiff to serve its motion for default judgment, originally filed *ex parte*, on the defendant, *see* Docket Entry # 6; plaintiff having done so, and over 30 days having elapsed since service of the motion without a response from the defendant, *see* Docket Entry # 8 (affidavit of service), the Court now

considers the merits of plaintiff's motion.[1]

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The ADA prohibits "covered entities" from discriminating against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). To establish a *prima facie* case, the plaintiff must establish that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001). An employer is subject to the ADA if, *inter alia*, it "has 15 or more employees for each working day in each of 20 or more

---

[1]Submitted in support of plaintiff's motion for default is a letter dated March 12, 2007 from defendant's counsel to plaintiff stating that defendant "is currently in the process of liquidating its remaining accounts receivable and inventory . . . . [I]t is anticipated that the liquidation of [defendant's] assets will be insufficient to satisfy the amounts [defendant owes its senior secured creditor]. As such, no funds will be available for distribution to [defendant's] general unsecured creditors including any award which your client may ultimately receive . . . . By way of reference, it is estimated that more than $1.0 million will remain due and owing to [the senior secured creditor] after all of [defendant's] inventory is sold and accounts receivable which can be collected have been collected."

calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

The NYHRL prohibits any "employer" from discriminating because of, *inter alia*, disability of any individual. N.Y. Exec. Law § 296(1). The term "employer" excludes "any employer with fewer than four persons in his employ." N.Y. Exec. Law § 292(5).

The complaint fails to state a claim because it does not alleges that defendant is a "covered entity" under the ADA or an "employer" under NYHRL; the complaint's only references to employees of the defendant are in the context of describing plaintiff's contact with the defendant after undergoing back surgery: plaintiff called the head bookkeeper to inform her of when plaintiff would be able to return to work, and plaintiff subsequently received a call from the Chief Financial Officer during which he terminated plaintiff's employment. Thus, the complaint fails to allege that defendant employed four or more people to satisfy the requirements of the NYHRL or fifteen or more employees to satisfy the requirements of the ADA.

Plaintiff's motion for entry of default judgment is denied because the complaint fails to state a claim for relief. Plaintiff may within 30 days of this order file and serve an amended complaint; otherwise the case will be dismissed. Plaintiff is cautioned that factual allegations of the amended complaint must, in good faith, "have evidentiary support, or . . . [be] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If plaintiff chooses to file and serve an amended complaint and the defendant again fails to respond or otherwise

defend, plaintiff must reinitiate default proceedings in accordance with Fed. R. Civ. P. 55.

    **SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 30, 2006